UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHOTOGENICS, LLC,

                Plaintiff,

-against-

DNA MODEL MANAGEMENT, LLC,

                Defendant.

Civ. Action No.: 11 CIV 9464 (BSJ)

**ANSWER**

Defendant DNA Model Management, LLC ("DNA"), by its attorneys, Cyruli Shanks Hart & Zizmor, LLC, as and for its answer to the complaint of plaintiff Photogenics, LLC ("Photogenics"), respectfully alleges as follows:

1. Denies knowledge or information sufficient to form a belief as to paragraph 1 of the complaint.

2. Admits the allegations of paragraph 2 of the complaint.

3. Neither admits nor denies the allegations of paragraphs 3 and 4 of the complaint in that those paragraphs call for conclusions of law as to which no response is required.

4. Denies the allegations of paragraph 5 of the complaint.

5. Neither admits nor denies the allegations of paragraph 6 of the complaint in that that paragraph calls for a conclusion of law as to which no response is required.

6. Denies knowledge or information sufficient to form a belief as to the allegations of paragraphs 7 through 9 of the complaint.

7. Denies the allegations of paragraphs 10 through 14 of the complaint.

8. Admits the signing of the documents referred to in paragraphs 15 and 16 of the complaint and refers to those documents for their terms to the court.

1

9. Admits the signing of the document referred to in paragraph 17 of the complaint and refers to that document for its terms to the court, but denies plaintiff's characterization of the document.

10. Admits the signing of the document referred to in paragraph 18 of the complaint and refers to that document for its provisions/terms to the court.

11. Admits that Ms. Ellington had engaged in the modeling acts outlined in paragraph 19 of the complaint, but denies that she had engaged in those acts because of the efforts of Photogenics, and states affirmatively that she had engaged in the acts because of DNA.

12. In response to the first sentence of paragraph 20, states that Ms. Ellington's career flourished because of DNA's efforts; but denies the allegations of the third and fourth sentences.

13. Denies the allegations of paragraphs 21 through 24 of the complaint.

14. Admits the existence of the document referred to in paragraph 25 of the complaint, refers to that document for its terms and conditions to the court and denies that the document issued without notice.

15. Denies the allegations of paragraph 26 of the complaint.

16. Denies the allegations of paragraph 27 of the complaint (including the allegation that DNA owes commissions to Photogenics), except admits that DNA has continued to represent Ms. Ellington and states affirmatively that: (i) the representation is with authorization, and (ii) DNA has no duty to pay Photogenics.

17. Denies the allegations of paragraphs 28 and 29 of the complaint.

18. Denies the allegations of paragraph 30 of the complaint, except admits that DNA continues to represent Ms. Ellington and states affirmatively that DNA's termination of any arrangement with Photogenics was not in breach of any contract.

19. Denies the allegations of paragraphs 31 through 33 of the complaint.

20. In response to paragraph 34 of the complaint, repeats and realleges its responses to paragraphs 1 through 33 of the complaint.

21. Denies the allegations of paragraphs 35 through 37 of the complaint.

22. In response to paragraph 38 of the complaint, repeats and realleges its responses to paragraphs 1 through 37 of the complaint.

23. Denies knowledge or information sufficient to form a belief as to paragraph 39 of the complaint.

24. Denies the allegations of paragraphs 40 through 46 of the complaint.

25. In response to paragraph 47 of the complaint, repeats and realleges its responses to paragraphs 1 through 46 of the complaint.

26. Denies the allegations of paragraphs 48 through 51 of the complaint.

27. Denies the allegations of paragraph 52 of the complaint and states affirmatively that DNA has never had dishonest and/or nefarious business practices.

28. Denies the allegations of paragraph 53 of the complaint.

29. Denies the allegations of the first sentence of paragraph 54 of the complaint; and denies the allegations of the second sentence, except states affirmatively that Mr. David Bonnouvrier has acted honestly in business relationships.

30. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 55 of the complaint.

31. Denies the allegations of paragraphs 56 through 59 of the complaint.

32. In response to paragraph 60 of the complaint, repeats and realleges its responses to paragraphs 1 through 59 of the complaint.

33. Denies the allegations of paragraphs 61 through 64 of the complaint.

34. In response to paragraph 65 of the complaint, repeats and realleges its responses to paragraphs 1 through 64 of the complaint.

35. Denies the allegations of paragraph 66 of the complaint.

36. In response to paragraph 67 of the complaint, repeats and realleges its responses to paragraphs 1 through 66 of the complaint.

37. Denies the allegations of paragraph 68 of the complaint.

### FIRST AFFIRMATIVE DEFENSE

38. The complaint fails to state a cause of action on which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

39. The complaint is barred by documentary evidence.

### THIRD AFFIRMATIVE DEFENSE

40. The complaint is barred by the applicable Statute of Limitations.

### FOURTH AFFIRMATIVE DEFENSE

41. The complaint is barred by the Statute of Frauds.

### FIFTH AFFIRMATIVE DEFENSE

42. The complaint is barred by the doctrines of waiver, laches and estoppel.

### SIXTH AFFIRMATIVE DEFENSE

43. Plaintiff has failed to plead fraud with specificity as required by the F.R.C.P.

### SEVENTH AFFIRMATIVE DEFENSE

44. Payment in full.

### EIGHTH AFFIRMATIVE DEFENSE

45. Accord and Satisfaction.

## NINTH AFFIRMATIVE DEFENSE

46. The agreement was terminated by the Defendant in accordance with the written terms thereof.

WHEREFORE, DNA demands judgment dismissing the complaint with prejudice, together with such other, further and different relief as the Court deems just or proper.

Dated: New York, New York
      February 6, 2012

                                                    **CYRULI SHANKS HART & ZIZMOR LLP**

                                                    By: _____
                                                        Russell Shanks, Esq. (RS-1821)
                                                        Attorneys for Defendant
                                                         420 Lexington Avenue, Suite 2320
                                                         New York, New York 10170
                                                         (212) 661-6800

To: Aaron Richard Golub, Esquire, P.C.
    Attorneys for Plaintiff
    34 East 67th Street, 3rd floor
    New York, New York 10021
    (212) 838-4811